IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Andre Martin, | ) | C/A No. 0:15-2208-JMC-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden Larry Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Andre Martin, a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 19.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Martin was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 21.) Martin filed a response in opposition to the respondent's motion. (ECF No. 28.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Martin's Petition denied.

**BACKGROUND**

Martin was indicted in March 2008 in Oconee County for distribution of crack cocaine within proximity of a school (2008-GS-37-317), and distribution of crack cocaine, second offense (2007-GS-37-193). (App. at 137-38, ECF No. 20-7 at 139-40.) Martin was represented by Bruce Byrholdt, Esquire, and on March 17, 2008 pled guilty as charged. (App. at 1-17, ECF No. 20-7 at 3-19.) The

plea court sentenced Martin to seven years' imprisonment for each charge, both sentences to be served concurrently. (App. at 15, ECF No. 20-7 at 17.) At Martin's request, the service of his sentence was delayed on the condition that he timely report to the detention center on May 2, 2008 and with the understanding that, if he failed to do so, his sentence would be amended. (App. at 16, ECF No. 20-7 at 18.) The circuit court convened a hearing and modified Martin's sentence on April 1, 2009 after Martin—who was not present at the hearing—failed to timely report to the detention center. (App. at 20-25, ECF No. 20-7 at 22-27.) Martin appeared at a hearing on July 26, 2010, at which time his modified sentence was unsealed, revealing a sentence of twenty-seven years' imprisonment for distribution of crack cocaine, second offense, and seven years' imprisonment for distribution of crack cocaine within proximity of a school, each sentence to run consecutively. (App. at 26-30, ECF No. 20-7 at 28-32.) Martin did not appeal his conviction or sentence.

Martin filed a *pro se* application for post-conviction relief ("PCR") on February 3, 2011 in which he alleged the following claims:

    (a)    Ineffective Assistance of Counsel[;]

    (b)    Subject Matter Jurisdiction[;]

    (c)    Judge Made a Judicial Error in Sentencing[.]

(See Martin v. State of South Carolina, 2011-CP-37-128; App. at 31-39, ECF No. 20-7 at 33-41.) The State filed a return. (App. at 40-43, ECF No. 20-7 at 42-45.) Martin filed an amended application in July 2011 in which he appears to raise additional claims of ineffective assistance of counsel as well as a due process violation. (App. at 45-49, ECF No. 20-7 at 47-51.) On February 29, 2012, Martin, through counsel Keith G. Denny, Esquire, filed an additional amended application in which he raised the following claims:



1. The Circuit Court Judge Was Without Authority To Amend the Petitioner's Sentence.

2. Petitioner's Counsel Was Ineffective Because Counsel Did Not Object or Appeal the Amendment of Petitioner's Sentence.

(App. at 57-60, ECF No. 20-7 at 59-62.) On March 6, 2012, the PCR court held an evidentiary hearing at which Martin appeared and testified and continued to be represented by Keith G. Denny, Esquire. By order filed May 8, 2012, the PCR judge denied and dismissed with prejudice Martin's PCR application, but found that Martin was entitled to a belated direct appeal pursuant to White v. State.[1] (App. at 127-36, ECF No. 20-7 at 129-38.)

In his PCR appeal, Martin was represented by Dayne C. Phillips, Esquire, Deputy Chief Appellate Defender with the South Carolina Commission of Indigent Defense, who filed a petition for a writ of certiorari that presented the following issue:

> Did the PCR court correctly grant Petitioner belated appellate review pursuant to White v. State,[] when petitioner did not knowingly and voluntarily waive his right to a direct appeal?

(ECF No. 20-1.) In addition, counsel for Martin filed an brief pursuant to White v. State that raised the following issue on direct appeal:

> Did the plea judge lack the authority to re-sentence Appellant to significantly more time where the plea judge agreed to permit Appellant to report for the commencement of his sentence one month from the date of sentencing and Appellant failed to report timely, particularly when the judge's term of court had ended and no contempt proceedings were sought?

(ECF No. 20-2.) By opinion filed November 19, 2014, the South Carolina Court of Appeals granted certiorari as to Martin's belated review of his direct appeal issue, and affirmed the decision of the

---

[1] White v. State, 208 S.E.2d 35 (S.C. 1974) (holding that where a PCR judge determines that an applicant did not freely and voluntarily waive his direct appellate rights, the applicant may petition the South Carolina Supreme Court for review of direct appeal issues).



lower court.  (Martin v. State, Op. No. 2014-UP-403 (S.C. Ct. App. Nov. 19, 2014), ECF No. 20-5.)

The remittitur was issued on December 12, 2014.  (ECF No. 20-6.)  This action followed.

### FEDERAL HABEAS ISSUES

Martin's federal Petition for a writ of habeas corpus raises the following issues, quoted verbatim:

> **Ground One:**  Ineffective assistance of Counsel in violation of the United States Constitution Sixth Amendment
> **Supporting Facts:**  Petitioner was originally sentenced to two (2) seven year sentence to run concurrent and then the term of court ended.  Plea Counsel failed to object to the Judge increasing Petitioner sentence on April 1, 2009.  The Judge increase the sentence without legal authority to do so.  And plea counsel had a duty to object in order to preserve the issue for Appellate Review.  Plea Counsel also failed to file a Appeal of the modified sentence of April 1, 2009.
>
> **Ground Two:**  Ineffective Assistance of Counsel in violation of the United States Constitution Sixth Amendment
> **Supporting Facts:**  Plea counsel failed to object at the July 26, 2010 unsealing of the Modified Sentence from 7 yrs to 34 yrs in order to preserve the issue for Appellate Review.
>
> **Ground Three:**  Ineffective Assistance of Post-Conviction Relief Counsel in violation fo Martinez v. Ryan [] & it's Progeny
> **Supporting Facts:** PCR Counsel filed a Amended PCR Application on February 29, 2012, raising to issues (1) The Circuit Court Judge was without Authority to Amend the Petitioner's Sentences; and (2) Petitioner's "Plea Counsel" was Ineffective Because he did not object or Appeal the amendment of Petitioner's sentences.  At Petitioner's March 6, 2012 PCR evidentiary hearing these issues were argued by PCR Counsel.  The PCR Order dated April 30, 2012 filed May 8, 2012 denied the PCR Application by failed to make findings of fact & conclusions of law of PCR Counsel Amendments. . . . PCR Counsel failed to file a Rule 59(E) motion to preserve these issues for Appellate Review.  There by rendering ineffective assistance of PCR Counsel.

(Pet., ECF No. 1) (errors in original).



DISCUSSION

A.     **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.  Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g.,



Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 562 U.S. 86, 100 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).



"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 562 U.S. at 101 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 562 U.S. at 103). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington, 562 U.S. at 101. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 98 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 102. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. at 102-03 (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.     Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

PJG

**D.     Respondent's Motion**

In Grounds One and Two of the Petition, Martin claims plea counsel was ineffective for failing to object to the plea court's modification of Martin's sentence and for failing to appeal the sentence. The respondent asserts that these claims are procedurally barred from federal habeas review. The court agrees.

Martin's central argument at his PCR hearing was that the plea judge did not have the authority to modify his sentence after the term of court ended, and, therefore, plea counsel was ineffective in failing to object to the plea judge's modification of his sentence. (App. at 67; ECF No. 20-7 at 69.) Martin also argued that plea counsel was ineffective in failing to file a direct appeal. (App. at 78, ECF No. 20-7 at 80.) In its order of dismissal, the PCR court found that counsel was not ineffective for failing to file a direct appeal and it refused to address whether the plea court had the authority to modify Martin's sentence. (App. at 132, ECF No. 20-7 at 134.) The court found the question of whether the plea court had the authority to modify Martin's sentence was a question of law which may have been addressed on appeal had the issue been preserved by a proper and timely objection, but it was not a matter for review in a PCR action. (Id.) The PCR court did not rule on the specific claim that plea counsel was ineffective for failing to object to the modified sentence. However, the PCR court granted Martin's request for a belated direct appeal based on Martin's claim that he attempted to file an appeal without counsel's assistance but was unsuccessful. (App. 134, ECF No. 20-7 at 136.)

In his belated direct appeal, Martin raised the issue of whether the plea court lacked the authority to modify his sentence. (ECF No. 20-2 at 5.) However, in his appeal from the PCR court's order of dismissal, the only issue raised by Martin was whether the PCR court correctly granted



Martin's request for a belated direct appeal pursuant to White v. State. (ECF No. 20-1 at 3.) Martin did not raise the issue of whether plea counsel was ineffective in failing to object to the plea court's modification of his sentence or in failing to file a direct appeal.

The court finds that Martin's claims that plea counsel was ineffective in failing to object to the plea court's modification of his sentence and in failing to file a direct appeal are procedurally barred from federal habeas review. The failure to object claim was not preserved for review in Martin's PCR appeal because it was not ruled on by the PCR judge, and Martin did not file a Rule 59(e) motion to alter or amend the judgment. See Plyler v. State, 424 S.E.2d 477, 478 (S.C. 1992) (stating an issue is not preserved for review where it was neither raised to nor ruled on by the PCR court); Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007) (stating issues are not preserved for review where the PCR applicant fails to make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations). Moreover, neither the failure to object or failure to appeal claims were raised as issues in Martin's PCR appeal. See McCray v. State, 455 S.E.2d 686, n.1 (S.C. 1995) (stating issues not raised in a petition for a writ of certiorari to the Supreme Court are not preserved for appellate review). Accordingly, because these claims were barred from review on independent and adequate state procedural grounds, the claims are barred from federal habeas review. See Lawrence, 517 F.3d at 714.

However, in Ground Three of the Petition, Martin asserts that he can establish cause to excuse the procedural bar based on the ineffectiveness of PCR counsel pursuant to Martinez v. Ryan, 132 S. Ct. 1309 (2012). Specifically, Martin argues his PCR counsel was ineffective because he failed to file a Rule 59(e) motion to ask the PCR court to consider and rule on his claim that plea

counsel was ineffective in failing to object to the plea court's modification of his sentence and in failing to file a direct appeal.[2]

Generally, any errors of PCR counsel cannot serve as a basis for cause to excuse a petitioner's procedural default of his claims. See Coleman, 501 U.S. at 752. However, in Martinez, the United States Supreme Court established a "limited qualification" to the rule in Coleman. Martinez, 132 S. Ct. at 1319. The Martinez Court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id. at 1315. In describing its holding in Martinez, the Supreme Court has recently stated that

> [w]e . . . read Coleman as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

Trevino v. Thaler, 133 S. Ct. 1911, 1918 (2013) (citing Martinez, 132 S. Ct. at 1318-19, 1320-21); see also Sexton v. Cozner, 679 F.3d 1150, 1159 (9th Cir. 2012) (summarizing the Martinez test to

---

[2] To the extent Martin attempts to raise a freestanding claim that PCR counsel was ineffective as his third ground for relief in his habeas petition, the court finds that such a claim is not cognizable in a federal habeas action. See 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); Lawrence, 517 F.3d at 717 ("[A] petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself.") (citing Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir.1988)); see also Martinez, 132 S. Ct. at 1320 (stating that "while § 2254(i) precludes Martinez from relying on the ineffectiveness of his postconviction attorney as a 'ground for relief,' it does not stop Martinez from using it to establish 'cause' " for an otherwise procedurally defaulted ineffective assistance of trial counsel claim).



require the following: "a reviewing court must determine whether the petitioner's attorney in the first collateral proceeding was ineffective . . ., whether the petitioner's claim of ineffective assistance of trial counsel is substantial, and whether there is prejudice").

Further, to excuse the procedural default of Martin's claim, he must "show that [PCR] counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter." Sexton, 679 F.3d at 1157; see also Williams, 529 U.S. at 391 (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective assistance-of-counsel claims"); Strickland v. Washington, 466 U.S. 668, 687 (1984) (stating that to demonstrate ineffective assistance of counsel, a petitioner must show that (1) his counsel was deficient in his representation, *i.e.* that counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution, and (2) he was prejudiced as a result).

The court finds Martin has not demonstrated cause to excuse the procedural bar because he has failed to show that his claim that plea counsel was ineffective for failing to object to his modified sentence is "substantial." A "substantial" claim is one that has "some merit," Martinez, 132 S. Ct. at 1318-19; however, Martin's underlying claim that the plea court lacked the authority to modify his sentence after the term of court ended is patently without merit. See Shillito v. City of Spartanburg, 54 S.E.2d 521, 522-23 (S.C. 1949) ("When a trial judge adjourns his court *sine die*, he loses jurisdiction of a case finally determined during that term, except under special circumstances, *as where either by consent or acquiescence of counsel for both sides*, or postponing determination

of motions duly entered during the sitting of the court, or in some cases where supplemental orders germane to and carrying out the order duly made, and not inconsistent therewith, may be passed.") (emphasis added); see also State v. Best, 186 S.E.2d 272, 276 (S.C. 1972).

At Martin's original plea proceeding, all parties agreed that the plea court would sentence Martin that day, but the service of his sentence was delayed on the condition that he timely report to the detention center at a later date with the understanding that, if he failed to do so, his sentence would be amended. (App. at 16, ECF No. 20-7 at 18.) The plea court expressly stated that it would retain jurisdiction over the case. (Id.) Accordingly, the plea court never lost jurisdiction of Martin's case not only because Martin's case had not been finally determined at the end of the term of court, but also because both parties acquiesced to the plea court's retention of jurisdiction over the case. See Shillito, 54 S.E.2d at 522-23. Further, because the plea court retained the authority to modify Martin's sentence, plea counsel had no basis to object to it, and therefore, Martin cannot demonstrate plea counsel was deficient under the Strickland test. See Strickland, 466 U.S. at 687. Consequently, Martin's claim that plea counsel was ineffective is not substantial, and Martin failed to demonstrate cause to excuse his procedural bar as to this claim. Martinez, 132 S. Ct. at 1318-19.

As to Martin's claim that plea counsel was ineffective for failing to file a direct appeal, the court finds this claim is moot because Martin was granted a belated direct appeal at the PCR hearing, which allowed him to raise the very issue he argued plea counsel's failure to file an appeal prevented him from raising. See Massey v. Ballard, Civil Action No. 2:08-cv-00936, 2009 WL 2916889, at *37 (S.D. W. Va. Sept. 8, 2009) (finding that a habeas petitioner's claim that counsel was ineffective for failing to file an appeal was rendered moot by the filing of an appeal in state court). Because the underlying ineffective assistance of counsel claim Martin sought to raise is moot, the court finds it

is not a substantial claim that would warrant a finding that Martin demonstrated cause to excuse the procedural bar.  Martinez, 132 S. Ct. at 1318-19.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 19) be granted and Martin's Petition denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 30, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).