# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | | |
|---|---|---|
| Andre Martin, ) | | |
| ) | Civil Action No. 0:15-cv-02208-JMC | |
| Petitioner, ) | | |
| ) | | |
| v. ) | **ORDER** | |
| ) | | |
| Larry Cartledge, *Warden*, ) | | |
| ) | | |
| Respondent. ) | | |
| ) | | |

This matter comes before the court for review of the Magistrate Judge's Report and Recommendation ("Report"), [ECF No. 33], filed on June 30, 2016, recommending that Respondent's Motion for Summary Judgment, [ECF No. 19], be granted and Petitioner's Petition denied. Petitioner filed the Petition seeking a writ of habeus corpus pursuant to 28 U.S.C. § 2254. [ECF No. 1.] The Report sets forth in detail the relevant facts and legal standards on this matter, and this court incorporates the Magistrate Judge's recommendation herein without a recitation.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The Magistrate Judge advised Petitioner of his right to file an objection to the Report within fourteen (14) days of the date of service of the Report. [ECF No. 33.] Petitioner filed no objections. In the absence of an objection to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Instead, the court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After a thorough review of the Report and the record in this case, the court finds that the Report provides an accurate summary of the facts and law in the instant matter. The court **ADOPTS** the Magistrate Judge's Report and Recommendation, [ECF No. 33.] It is therefore **ORDERED** that Respondent's Motion for Summary Judgment, [ECF No. 19], be granted and Petitioner's Petition, [ECF No. 1], be **DENIED**.

## Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockerell*, 537 U.S. 322, 336 (2003); *Slacker v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v.*

*Lee*, 252 F.2d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

United States District Judge

August 26, 2016
Columbia, South Carolina